IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RHONDA K. DRURY                                                                                           PLAINTIFF

V.                                                  CIVIL ACTION NO. 1:05CV239-SAA

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY                                                 DEFENDANT

**<u>MEMORANDUM OPINION</u>**

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Rhonda K. Drury for disability benefits under Title II of the Social Security Act. In accordance with the provisions of 28 U.S.C. § 636(c) both parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including an order for final judgment. Therefore, the undersigned has authority to issue this opinion and the accompanying final judgment.

## I. FACTUAL AND PROCEDURAL HISTORY

The plaintiff was born on September 20, 1962, and was forty-three years old at the time of the hearing on January 20, 2005. She completed the twelfth grade in school. The plaintiff's past relevant work has been as a sewing machine operator and as a hand packager. She filed her application for disability insurance benefits under Title II on October 31, 2002. Specifically, the plaintiff claimed that she was entitled to a period of disability and disability insurance benefits under Sections 216(I) and 223 of the Social Security Act. In her application, she alleged a disability onset date of March 29, 2002, due to bilateral carpal tunnel syndrome with a history of two surgeries on the left hand and one surgery on the right hand, development of a "claw hand,"

1

depression and anxiety. The Social Security Administration denied plaintiff's application initially and on reconsideration. Following a hearing, the Administrative Law Judge ("ALJ") entered a decision, finding that the plaintiff was not disabled. On July 15, 2005, the Appeals Council denied the plaintiff's request for review. Thereafter, the plaintiff filed the present action with this court. The ALJ's final hearing decision is now ripe for review.

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining her burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, the plaintiff must prove her impairment is "severe" in that it "significantly limits her physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude the plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.02 (1998).[5] Fourth, the plaintiff bears the burden of proving she is incapable of meeting the physical and mental

---

[1]*See* 20 C.F.R. §§ 404.1520 (1998).

[2]*Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

[3]20 C.F.R. §§ 404.1520(b) (1998).

[4]20 C.F.R. §§ 404.1520(c) (1998).

[5]20 C.F.R. §§ 404.1520(d) (1998). If a claimant's impairment meets certain criteria, that claimant's impairments are of such severity that they would prevent any person from performing substantial gainful activity. 20 C.F.R. §§ 404.1525 (1998).

demands of her past relevant work.[6] If the plaintiff is successful at all four of the preceding steps the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

By decision dated April 8, 2005, the ALJ found that the plaintiff suffered from impairments, including bilateral carpal tunnel syndrome but that she did not have an impairment or combination of impairments medically equal to the listings and that she was not under a disability as defined by the Social Security Act. On appeal, the Appeals Council considered all the evidence before it but found that there was no basis for changing the ALJ's decision.

On appeal to this court the plaintiff makes the following arguments: (1) the ALJ failed to follow Social Security Rulings 00-4p and 96-9p as they relate to his findings of the plaintiff's residual functional capacity ("RFC"); and (2) the decision of the ALJ violates Social Security Ruling 96-7p by failing to provide specific reasons that the plaintiff was not found to be fully credible.

## II. STANDARD OF REVIEW

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C. §

---

[6]20 C.F.R. §§ 404.1520(e) (1998).

[7]20 C.F.R §§ 404.1520(f)(1) (1998).

[8]*Muse*, 925 F.2d at 789.

405(g); *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The Fifth Circuit has further stated that substantial evidence:

> must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'

*Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Further, in Social Security disability review cases, where § 405(g) governs the standard of review, *Frith v. Celebrezze*, 333 F.2d 557, 560 (5th Cir.1964), the Fifth Circuit has held that appellate review is limited to two issues: (1) whether the Commissioner applied the proper legal standards; and (2) whether the Commissioner's decision is supported by substantial evidence on the record as a whole. *Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2001) *citing Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir.1994); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir.1992). This court may not overturn the Secretary's decision if it is supported by substantial evidence–"more than a mere scintilla" -- and correctly applies the law. *Morris* at 745; *Anthony*, 954 F.2d at 292.

Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not re-weigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence

preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell*, 862 F.2d at 475. If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).

### III. DISCUSSION

**A.     Application of SSR 00-4p and 96-6p**

The plaintiff's first argument is that the ALJ did not follow Social Security Rulings 00-4p and 96-9p as they relate to his findings as to the plaintiff's RFC. Specifically, the plaintiff argues that the ALJ found that the plaintiff could

> lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk (with normal breaks) for a total of about 6 hours in an 8-hour workday, and can sit (with normal breaks) for a total of about 6 hours in an 8-hour workday. She can push/pull at a level consistent with her ability to lift/carry. She can perform no lifting/carrying with the right hand. She can perform no overhead reaching. She can perform no handling, fingering and manipulation with the right hand. She is limited to occasional handling, fingering and manipulation with the left hand. *She can perform only simple repetitive tasks*. She can perform no climbing, stooping or bending.

(Tr. 21, Finding No. 6) (emphasis added). According to the plaintiff, the fact that the ALJ specifically limited the plaintiff to being able to perform only "simple repetitive tasks" is a limitation that restricts the plaintiff to jobs with the reasoning development level of 1 in the Dictionary of Occupational Titles ("DOT"). Yet, during the hearing, the ALJ sought testimony from a Vocational Expert ("VE") who stated that an individual with similar attributes to those stated above for the plaintiff could perform work as a "production monitor" and surveillance

5

monitor. (Tr. 191-192). The VE stated that these were sedentary jobs with a SPV of 2.[9] (Tr. 192). This was the work and skill level to which the VE stated the plaintiff would be limited based on the hypothetical posed by the ALJ.

In his decision, the ALJ stated that based on the evidence the plaintiff was not disabled; that she could perform a limited range of light work; and such limitations would allow her to work as a "production monitor, with 550 jobs existing in the State of Mississippi and 137,000 in the Nation; and a surveillance monitor, with 1,300 jobs existing in Mississippi and 173,000 in the Nation." (Tr. 21, Finding No. 12). According to the plaintiff's argument, when there is an apparent conflict between the DOT and the testimony of a VE, SSR 00-4p requires an ALJ to elicit an explanation of the conflict. Plaintiff contends that the fact that the jobs cited by the VE and later relied upon and quoted in the ALJ's decision, a production monitor and a surveillance monitor, were either not listed in the DOT and/or required a reasoning level of 3 when the ALJ specifically stated the plaintiff/hypothetical individual was limited to a reasoning level of 1, would then require the ALJ to inquire on the record as to whether the VE's testimony was consistent with the DOT. And if it was apparent that the testimony deviated from or was in conflict with the DOT, the ALJ must call upon the VE to explain the conflict. The ALJ failed to inquire that of the VE therefore plaintiff argues that is clear error that requires remand for further inquiry.

The DOT is a publication of the United States Department of Labor. It is a

---

[9] The DOT uses the term "specific vocational preparation" or SVP time for each described occupation. Using the skill level definitions in 20 CFR §§ 404.1568 and 416.968, unskilled work generally corresponds to an SVP of 1-2 in the DOT. *See* 20 CFR §404.1568 and SSR 00-4p.

6

comprehensive listing of job titles in the United States. Detailed descriptions of requirements for each job include assessments of exertional level and reasoning ability necessary for satisfactory performance of the work. For Social Security proceedings, the Commissioner routinely takes administrative notice of job information contained in DOT when determining whether work exists in significant numbers in the national economy. *Sykes v. Apfel,* 228 F.3d 259, 269 (3rd Cir. 2000); *see* 20 C.F.R. § 404.1566(d)(1) (2005); *see also* Social Security Ruling 00-4p (2000), 2000 WL 1898704.

      Social Security Ruling 00-4p states:

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.
>       Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.

2000 WL 1898704 at *2. Further, SSR 00-4p places an affirmative duty on the ALJ to resolve apparent conflicts: "When a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT." SSR 00-4p, 2000 WL 1898704 at *4. As instructed by the ruling, when a situation presents where an apparent conflict arises, "the adjudicator will: Ask the VE or VS if the evidence he or she has provided conflicts

7

with information provided in the DOT; and [i]f the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict." *Id.*

Social Security Rulings constitute the Commissioner's internal policy and interpretations and, therefore, lack the force of law. See *Chrysler Corp. v. Brown,* 441 U.S. 281, 295-96, 99 S.Ct. 1705 (1979); *Batterton v. Francis,* 432 U.S. 416, 425, 97 S.Ct. 2399 (1977). Although not binding on courts, Rulings are "binding on all components of the Social Security Administration," and represent statements of policy and interpretations that have been adopted by the Administration. 20 C.F.R. § 402.35(b) (2005).

It is undisputed that the job of production monitor is not listed in the DOT. The jobs which might be similar in nature that are in the DOT are: production clerk, production checker, production-control clerk, or production-positioning clerk. Each of these requires a semi-skilled work level, which is higher than the unskilled level to which the VE stated an individual as described in the ALJ's hypothetical would be limited, and a reasoning level of 3. Dictionary of Occupational Titles, #221.382-018, p. 197. According to the DOT, jobs with a reasoning development level of 1 are those that "apply commonsense understanding to carry out simple one or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job." Dictionary of Occupational Titles, p. 1010. A reasoning level of 3 requires that an individual be able to "[a]pply commonsense understanding to carry out instructions furnished in written, oral or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." Dictionary of Occupational Titles, p. 1011.

"An administrative law judge has a duty to fully and fairly develop the facts relative to a

8

claim for disability benefits. *See Brock v. Chater,* 84 F.3d 726 (5th Cir.1996); *Kane v. Heckler,* 731 F.2d 1216 (5th Cir.1984). The Fifth Circuit has held that it "will not reverse the decision of an ALJ for failure to fully and fairly develop the record unless the claimant shows that he or she was prejudiced by the ALJ's failure. *See Brock,* 84 F.3d at 728;*Kane,* 731 F.2d at 1220. To establish prejudice, a claimant must demonstrate that he or she "could and would have adduced evidence that might have altered the result." *Kane,* 731 F.2d at 1220.

With regard to a case where there is a conflict between the testimony of a VE and the DOT, the Fifth Circuit, in *Carey v. Apfel*, 230 F.3d 130 (5th Cir. 2000), has held:

> [An] ALJ may rely upon the vocational expert's testimony provided that the record reflects an adequate basis for doing so. [A]ll kinds of implicit conflicts are possible and the categorical requirements listed in the DOT do not and cannot satisfactorily answer every such situation. Moreover, claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing.

*Carey v. Apfel*, 230 F.3d 130, 146-147 (5th Cir. 2000). Subsequently, in the case of *Haas v. Barnhart,* 91 Fed.Appx. 942 (5th Cir.2004), Fifth Circuit acknowledged an actual conflict existed and that the administrative law judge provided no explanation or supporting authority for accepting vocational testimony which arguably conflicting with DOT specifications, however, the Court simply disregarded the alleged error because it had not been asserted administratively. *Id.,* at 948.

While the undersigned cannot state with certainty that the plaintiff, with the limitations described by the ALJ in his statement of the plaintiff's RFC, would or would not actually be unable to perform the work of a surveillance monitor, given the record in this case and the fact

9

that the ALJ clearly relied upon the testimony of the VE, as he quoted the same verbatim in his decision, it seems clear that the case should be remanded to the ALJ for further inquiry into the conflict between the testimony of the VE and the DOT and further inquiry into additional jobs, if any, in the local and national economy that the plaintiff could perform. Accordingly, the court finds that the plaintiff has demonstrated error in the Commissioner's failure to consider his application in accordance with a governing Ruling. The plaintiff further has demonstrated prejudice by showing that there is a possibility that a different decision might have been reached had SSR 00-4p been followed. Because the error involved failure to follow a Ruling in the face of a direct and obvious conflict between vocational expert testimony and the DOT on at least one job stated by the VE and ultimately used by the ALJ in his findings of fact, there is no reason for the court to conclude that interests of justice warrant a holding that plaintiff forfeited or waived the error by not raising it in administrative proceedings[10]. Therefore, the Commissioner's decision should be reversed and remanded with instructions to reconsider vocational evidence in accordance with Soc. Sec. R. 00-4p. As this case is remanded on the plaintiff's first assertion of error, the court need not address the merits of the plaintiff's remaining claims.

## IV. CONCLUSION

A final judgment shall issue this day in accordance with this memorandum opinion.

THIS, the 20th day of March, 2007.

                                                  /s/ S. ALLAN ALEXANDER
                                                  UNITED STATES MAGISTRATE JUDGE

---

[10]The undersigned notes that at the hearing, the plaintiff was represented by a non-attorney third party and not by her current counsel. Had she been represented by counsel at the hearing, the instant result could have been different.